Filed 3/7/25  P. v. Johnson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY EJANE JOHNSON,<br><br>    Defendant and Appellant. | A169957<br><br>(Sonoma County Super. Ct.<br>Nos. SCR-31910-1, SCR-31911-1) |

In 2002, defendant Anthony Johnson was convicted in two separate jury trials of numerous felonies, including rape and conspiracy to commit murder.  He was sentenced to 50 years to life plus 25 years in prison, including two one-year enhancements for prior prison terms under Penal Code former section 667.5, subdivision (b) (section 667.5(b)).[1]  He appealed, and this division affirmed the judgment.  (*People v. Johnson* (Mar. 21, 2006, A104051) [nonpub. opn.].)

Several years later, the Legislature enacted Senate Bill No
. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483).  The bill invalidated certain prior-prison-term enhancements imposed before 2020 and entitles a defendant whose judgment contained such an enhancement to a full resentencing.  (Stats. 2021, ch. 728, § 2; § 1172.75, subds. (a), (c); *People v.*

_____

[1] All further statutory references are to the Penal Code.

*Monroe* (2022) 85 Cal.App.5th 393, 399.)  Johnson sought resentencing under the new law, and the trial court struck the two section 667.5(b) enhancements but otherwise imposed the same sentence.

Johnson now appeals from the resentencing order, claiming the trial court violated section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567), by reimposing the upper term for three counts in the absence of a "certified record of conviction" supporting the aggravating factors on which the court relied.  He also claims the court erred by staying the sentences for three other counts under section 654 without first imposing terms for each and not calculating and awarding custody credits through the resentencing date.  The Attorney General concedes that a remand is required to address the latter two issues but claims the court properly imposed the three upper-term sentences.

We conclude that Johnson forfeited his challenge to the imposition of the upper terms.  We also reject his claim that his counsel below rendered ineffective assistance by failing to object to the evidence on which the trial court relied to find the aggravating factors at issue.  Therefore, we remand for the court to impose terms on the stayed counts and award custody credits but otherwise affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The underlying facts are set forth in our prior opinion.  Briefly, in 2001, Johnson sexually assaulted and robbed the victim while she was working in a Santa Rosa thrift store where he had also worked.  He then threatened to kill her if she reported him.  After Johnson was arrested for these crimes, he arranged from jail for his wife to pay a hit man—who turned out to be an undercover police officer—to murder the victim.

The following year, a jury convicted Johnson of forcible rape, forcible oral copulation, forcible sexual penetration by a foreign object, second degree robbery, second degree burglary, criminal threats, and dissuading a witness.[2] The jury also found true allegations under the One Strike law that he tied or bound the victim and committed a sexual offense during a burglary, and he admitted two prior prison terms under section 667.5(b).[3] Two months later, in a separate trial, a second jury found Johnson guilty of conspiracy to commit murder and solicitation to commit murder.[4]

In April 2003, the trial court sentenced Johnson in both cases to a total term of 50 years to life plus 25 years in prison. The indeterminate sentence was composed of a term of 25 years to life for rape and a consecutive term of 25 years to life for conspiracy to commit murder. The determinate sentence was composed of five years (the upper term) for robbery and consecutive terms of two years (the midterm) for dissuading a witness, eight years (the upper term) each for oral copulation and sexual penetration, and one year each for the section 667.5(b) enhancements. Sentencing for the remaining convictions was stayed under section 654. The court also awarded 505 days

---

[2] Johnson was convicted of these crimes under former section 288a, subdivision (c)(2) (oral copulation), and sections 261, subdivision (a)(2) (rape), 289, subdivision (a)(1) (sexual penetration), 211 (robbery), 459 (burglary), 422 (criminal threats), and 136.1, subdivision (b)(1) (dissuading witness).

[3] The One Strike allegations were found true under section 667.61, subdivisions (a) and (e)(2) (burglary) and (6) (tying or binding). Johnson served the prior prison terms for 1996 convictions of inflicting corporal injury on a spouse or cohabitant under section 273.5 and receiving stolen property under section 496, subdivision (a), and a 1998 conviction of another violation of section 273.5.

[4] These convictions were under sections 182, subdivision (a)(1), and 187, subdivision (a) (conspiracy), and 653f, subdivision (b) (solicitation).

of actual credits and 75 days of conduct credits in the sexual-assault-related case and no custody credits in the murder-related case.

Nearly 20 years later, in March 2023, the trial court appointed counsel for Johnson after he was referred for resentencing under Senate Bill No. 483. Johnson filed a motion for resentencing in which he claimed the court was required to strike the former section 667.5(b) enhancements and reduce his sentence by two years. He also claimed the court was required to conduct a full resentencing under which he was entitled to the benefit of intervening changes in the law. In particular, he argued that section 1170, as amended by Senate Bill No. 567, precluded the court from reimposing the upper term for the three counts on which he originally received that term because no aggravating factors were stipulated to or found true beyond a reasonable doubt by a jury.

The prosecution opposed the motion. Besides arguing that Johnson was ineligible for resentencing because the nature of his offenses placed him outside the "spirit" of Senate Bill No. 483, the prosecution urged the trial court to reimpose the upper terms based on his criminal history. The prosecution also submitted several documents, including the probation report, Johnson's CLETS criminal history report, and portions of his C-file showing prison rule violations. With the parties' agreement, the trial court admitted and considered these documents.

At a hearing on March 1, 2024, the trial court recalled Johnson's sentence and resentenced him. The court struck the two section 667.5(b) enhancements, but it declined to alter the sentence otherwise. After noting it was unclear whether Senate Bill No. 567 applied to the resentencing, the court "nonetheless [did] its own independent analysis of the factors . . . under the current state of the law for the imposition of [the upper term]." "Setting

4

aside" the aggravating factors related to the crimes under California Rules of Court, rule 4.421(a), the court "looked at the various . . . factors" under rule 4.421(b) related to the defendant that "remain[ed] within the court's discretion to find true." The court then found that based on the records it had reviewed, the following aggravating factors were established and "outweigh[ed] any mitigating factors": (1) Johnson's convictions were "numerous or of increasing seriousness" (rule 4.421(b)(2)); (2) he had served a prior prison term (rule 4.421(b)(3)); (3) he was on parole when he committed the offenses (rule 4.421(b)(4)); and (4) his prior performance on probation or parole was "unsatisfactory" (rule 4.421(b)(5)).

The trial court resentenced Johnson to a total term of 50 years to life plus 23 years in prison. Except for the stricken section 667.5(b) enhancements, the sentence was the same as that originally imposed, including the upper terms for robbery, oral copulation, and sexual penetration, and the stay of sentence without imposing a term for burglary, criminal threats, and solicitation to commit murder. The court did not award custody credits.[5]

## II.
### DISCUSSION

#### A.    *Johnson's Challenge to the Upper-term Sentences Fails.*

Johnson claims the trial court failed to comply with Senate Bill No. 567 in imposing the upper-term sentences because it did not rely on a "certified record of conviction" (§ 1170, subd. (b)(3)) to find true the four aggravating factors based on his criminal history. Assuming, without deciding, that Senate Bill No. 567 applies in resentencing proceedings under

---

[5] Our record contains a minute order from the resentencing hearing but no abstract of judgment. On remand, the trial court must ensure that an amended abstract is prepared.

section 1172.75, we conclude that Johnson forfeited this claim. We also reject his contention that his counsel rendered ineffective assistance by not challenging the evidentiary basis for the aggravating factors.

Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to [section 667.5(b)], except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75 describes a process for identifying people in custody whose sentences included an invalid enhancement so that the sentencing court can "recall the sentence and resentence the defendant." (§ 1172.75, subds. (b)–(c).) In doing so, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In addition, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated . . . ." (§ 1172.75, subd. (d)(3).) Thus, "[b]y its plain terms, section 1172.75 requires a full resentencing, not merely that the . . . court strike the newly 'invalid' enhancements." (*People v. Monroe*, *supra*, 85 Cal.App.5th at p. 402.)

As amended by Senate Bill No. 567, section 1170 provides that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the [sentencing] court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1).) The upper term may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the

6

defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) "Notwithstanding [these provisions], the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

There is a split of authority on whether a trial court resentencing a defendant under section 1172.75 must comply with Senate Bill No. 567 to reimpose the upper term. The disagreement stems from subdivision (d)(4) of section 1172.75, which provides that "*[u]nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.) In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, the Third District Court of Appeal held that "section 1172.75, subdivision (d)(4)[,] carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Id.* at p. 458.) The Sixth District Court of Appeal then disagreed with *Brannon-Thompson*, holding that Sixth Amendment concerns warranted interpreting section 1172.75 to prohibit reimposition of the upper term "in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt" under section 1170, subdivision (b). (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329.) The Attorney General urges us to follow *Brannon-Thompson*, and Johnson urges us to follow *Gonzalez*.

We need not weigh in on the disagreement to resolve this appeal. Assuming, without deciding, that Senate Bill No. 567 applies to resentencing proceedings under section 1172.75, we agree with the Attorney General that Johnson forfeited his claim that the trial court failed to comply with section 1170, subdivision (b)(3). Notably, Johnson does not argue that the court was precluded from relying on the relevant aggravating factors absent a stipulation or jury determination, an argument that would implicate an issue pending before our state Supreme Court. (*People v. Wiley* (2023) 97 Cal.App.5th 676, review granted Mar. 12, 2024, S283326; see *People v. Morgan* (2024) 103 Cal.App.5th 488, 517–518, review granted Oct. 2, 2024, S286493 [discussing split in authority about which aggravating factors can be determined by court].) Rather, he claims the factors were not "based on a certified record of conviction" as statutorily required.

Senate Bill No. 567 went into effect over two years before Johnson's resentencing. Thus, "[t]he lack of certified copies of [his] convictions presented at the sentencing hearing was a foundational, *evidentiary* issue [Johnson] could have, and should have, raised in the trial court." (*People v. Hall* (2023) 97 Cal.App.5th 1084, 1101, review granted Feb. 28, 2024, S283530, disapproved on other grounds by *People v. Lynch* (2024) 16 Cal.5th 730, 768–769.) Although we are not convinced that Johnson forfeited his claim merely by generally agreeing to the admission of the records the court did consider, it was incumbent upon him to object if he thought additional records were required to prove the aggravating factors based on a certified record of conviction. The prosecution would then have had the opportunity to correct any deficiencies in the evidence of his criminal record, which likely "could have been readily resolved." (*Hall*, at p. 1101.) Since Johnson did not raise the issue below, we decline to consider his claim on the merits.

8

Anticipating this conclusion, Johnson alternatively argues that his counsel below rendered ineffective assistance by failing to object to the absence of any certified record of conviction. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate "that counsel's performance was deficient," such that "counsel was not functioning as the 'counsel' [constitutionally] guaranteed," and "the deficient performance prejudiced the defense." (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Centeno* (2014) 60 Cal.4th 659, 674.) Thus, a defendant must show both that (1) "counsel's performance . . . fell below an objective standard of reasonableness under prevailing professional norms" and (2) there is "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)

When evaluating a claim of ineffective assistance of counsel, we "defer[] to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*Mai*, *supra*, 57 Cal.4th at p. 1009.) "On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Ibid.*)

In his opening brief, Johnson claims there could have been "no rational tactical reason for [his] counsel [below] to fail to take steps that could result in a more favorable disposition for her client." The Attorney General responds that counsel may have decided not to object in light of then-existing case law supporting the conclusion that a CLETS criminal history report qualifies as a certified record of conviction under section 1170,

9

subdivision (b)(3). (Citing *People v. Dunn* (2022) 81 Cal.App.5th 394, 403–404, vacated and transferred for further consideration in light of *People v. Lynch*, *supra*, 16 Cal.5th 730 and *Erlinger v. United States* (2024) 602 U.S. 821.) The Attorney General also states that counsel may have not objected because she concluded "the document accurately conveyed [Johnson's] criminal history," meaning there was nothing to be gained by insisting the prosecution obtain additional documentation. We agree that these possible reasons, either individually or collectively, would satisfactorily explain counsel's decision not to object. (See *Mai*, *supra*, 57 Cal.4th at p. 1009.) As a result, Johnson fails to demonstrate ineffective assistance of counsel.

B.   *A Remand Is Required to Address Two Sentencing Errors.*

Johnson also claims, and the Attorney General concedes, that the trial court erred by not imposing terms on the stayed counts and not awarding custody credits. We agree with the parties that a remand is required to address these issues.

First, "when a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence." (*People v. Duff* (2010) 50 Cal.4th 787, 796.) If the court "impose[s] no sentence or . . . stay[s] *imposition* of the sentence," the result is an unauthorized sentence requiring a remand for the court to impose a term and stay its execution. (*People v. Mani* (2022) 74 Cal.App.5th 343, 380.)

Second, under section 2900.1, "[w]here a defendant has served any portion of [the] sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same

10

criminal act or acts." This provision requires a court to "recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since [the defendant] was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37.) The calculation of post-sentence conduct credits remains the responsibility of the Department of Corrections and Rehabilitation. (*Id.* at pp. 29–30; *People v. Dean* (2024) 99 Cal.App.5th 391, 397.) Thus, a remand is also required for the court to update the original award of custody credits to include the actual credits Johnson accrued after his original sentencing.

Finally, we briefly address the scope of the remand. Citing *People v. Buycks* (2018) 5 Cal.5th 857, Johnson claims the section 654 error warrants "a full resentencing hearing." The Attorney General does not directly respond, although he states the remand should be "for the limited purpose of imposing sentence on the counts stayed . . . and recalculating [Johnson's] custody credits." (Boldface and capitalization omitted.) As relevant here, *Buycks* explained that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*Buycks*, at p. 893.) We question whether remedying the section 654 error warrants a full resentencing under *Buycks*, but we leave it to the trial court on remand to resolve this issue.

III.
DISPOSITION

The matter is remanded for the trial court to impose and stay terms on the counts of burglary, criminal threats, and solicitation to commit murder; award custody credits consistent with this opinion; and conduct any further resentencing it deems appropriate. The court shall ensure that an amended

11

abstract of judgment is prepared and a certified copy is forwarded to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

_____

Humes, P.J.

WE CONCUR:

_____

Banke, J.

_____

Langhorne Wilson, J.

*People v. Johnson*  A169957

13